No. 79SA337
No. 79SA368

**In The Matter of the Claims for Water Rights Filed by the United States of America in Water Division No. 1**

(602 P.2d 859)

November 13, 1979.

Joseph Dolan, United States Attorney, Hank Meshorer, Department of Justice, for United States of America.

Saunders, Snyder, Ross & Dickson, Glenn G. Saunders, for City and County of Denver.

Fischer, Brown, Huddleson & Gunn, Ward H. Fischer; Holland & Hart, Charles Elliott; William E. Bohlender; William C. Stover; J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Dennis Montgomery, Assistant Attorney General; Davis, Graham & Stubbs, John M. Sayre; Moses, Wittemyer, Harrison & Woodruff, Charles Woodruff; Hill & Hill, Alden V. Hill; Kochenburger & Smith, John Kochenburger; Cross, Christensen, Price & Starr, Randolph W. Starr; Albert B. Dawkins; Steinmark & Lawrence, Kim R. Lawrence; Dawson, Nagel, Sherman & Howard, Gary L. Greer, for some of the objectors.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

This involves two separate but consolidated original proceedings. In each it was requested that the Chief Justice of this court or this court clarify the Chief Justice's order assigning retired District Judge Donald A. Carpenter to hear designated claims filed in Water Division No. 1 of the District Court. It is a matter for joint and several action by the court and the Chief Justice. This court has jurisdiction of original proceedings (*Colo. Const.* Art. VI, § 3), and the Chief Justice has the power of assignment of judges (*Colo. Const.* Art. VI, § 5).

The order under consideration was issued by Chief Justice Hodges on January 29, 1979. It reads as follows:

"WHEREAS, the Honorable Donald A. Carpenter was the Water Judge of Water Division 1; and

"WHEREAS, Judge Carpenter retired from the Colorado Judiciary on September 22, 1978; and

"WHEREAS, Judge Carpenter heard the following cases prior to his retirement:

"W-8788-77, W-9052-77, W-9067-77, W-8804-77, W-9064-77, W-8977-77, W-9065-77, In the Matter of the Application for Water Rights of the United States of America, Water Division 1; and

"WHEREAS, it would be in the best interest of justice if Judge Carpenter would continue to hear matters in these cases;

"NOW THEREFORE, it is ordered by the Chief Justice pursuant to Article VI, section 5(2) and the provisions of C.R.S. 24-51-607, 1977, that the Honorable Donald A. Carpenter hereby be appointed and assigned to the above-mentioned case in Water Division 1, for the purpose of ruling on matters heard by Judge Carpenter prior to retirement, and to perform such other duties as the Chief Judge may assign to the retired judge and for such further days as agreed to between the Chief Justice and the Chief Judge."

On December 30, 1976 the United States of America filed a petition in Water Division No. 1 claiming both reserved and appropriative water rights. This petition was assigned Case No. W-8439. On December 29, 1977 the United States filed an application amending the claim in No. W-8439. This amended application was given No. W-8788. It detailed 26 pages of specific claims. The water clerk of Division No. 1 assigned 382 different and separate case numbers, W-8788 through W-9169, to various portions of this amendatory document. The water clerk characterized the claims represented by seven of these numbers as "reserved rights", being W-8788, W-8804, W-8977, W-9052, W-9064, W-9065 and W-9067. These seven cases were assigned to Judge Carpenter by the Chief Justice's order of January 29, 1979. Some of these seven claims made reference to other case numbers and incorporated the claims represented by other of the 382 numbers by implication or by reference. There has not been any court order classifying or defining the nature of any of these cases.

On March 31, 1978 the City and County of Denver and others filed a statement of opposition to all of the claims of the United States and asked for declaratory judgment as to matters of law allegedly involved.

Earlier, on February 24, 1978, as requested by motion of other objectors, the water judge entered an order that all statements of opposition filed in case W-8439 should be considered as valid statements of opposition to any claim of the United States in cases W-8788 through W-9169.

On June 23, 1978 the water clerk sent to all the attorneys of record a notice of hearing on the petition for declaratory judgment in "Case Nos. W-8439 and W-8788 through W-9169," setting the hearing for September 22, 1978. Judge Carpenter heard arguments in connection with that hearing on September 22, 1978, and took the matter under advisement. Further briefs were filed. On June 5, 1979 "*nunc pro tunc*, as of September 22, 1978" Judge Carpenter announced his declaratory judgment. This judgment embraced "Case Nos. W-8439 and W-8788 through W-9169." It is now pending before us on appeal under No. 79SA344.

■ The Chief Justice and this court are asked to state the extent of jurisdiction of Judge Carpenter under the January 29th assignment order. As already noted, it specified the cases characterized by the water clerk as

reserved rights cases for the purpose of having Judge Carpenter continue to hear and later to rule upon these cases. It is apparent, however, that since February 24, 1978 Judge Carpenter and the parties appearing before him considered the declaratory judgment proceeding to relate to any of the 382 claims to which the issues there addressed might apply. It further appears that the claims asserted by the United States should not be treated on a piece-meal basis, but rather any of such claims which may be affected by the issue presented should be a part of the declaratory judgment proceeding. Manifestly, the intent of the January 29, 1979 order was that Judge Carpenter should continue to act with respect to the declaratory judgment proceeding which he had already heard.

We have made a cursory examination of the record in Appeal No. 79SA344. Absent further directions by this court or the Chief Justice, it appears that Judge Carpenter's duties as assigned have virtually been completed and that after our disposition of the appeal, further proceedings under the claims made by the United States will come under the jurisdiction of the Water Judge of Water Division No. 1.

It is the ruling of the court and the Chief Justice that the January 29, 1979 order was intended to grant, and did grant, to Judge Carpenter full authority and jurisdiction to continue with the declaratory judgment proceeding insofar as it involved any of the 382 claims. Absent further orders and directions by this court or the Chief Justice, further proceedings under the 382 cases will await disposition of such presently pending appeal.